## IN THE CIRCUIT COURT OF LAWRENCE COUNTY, MISSISSIPPI

**JIMMY LEE**                                                                    **PLAINTIFF**

**V.**                                                          CAUSE NO. 19-227CM

**RUDOLPH FOODS COMPANY, INC.;**
**DOUG MCATEE, INDIVIDUALLY; AND**
**MICHELLE GARDNER, INDIVIDUALLY**                       **DEFENDANTS**

### SUMMONS

**TO:**   Michelle Gardner, Individually
Rudolph foods company, Inc.
Human Resources Director
6575 Bellefontaine Road
Lima, OH  45804

### NOTICE TO DEFENDANT

**The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Watson & Norris, PLLC, 1880 Lakeland Drive, Suite G, Jackson, Mississippi 39216, the attorney for the Plaintiff.  Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and the seal of said Court, this the _____ day of _____ , 2019.

Honorable James Brister
Circuit Clerk of Lawrence County, MS

By: _____
Deputy Clerk

Exhibit A

## RETURN OF PROCESS SERVER

**STATE OF MISSISSIPPI**

**COUNTY OF_____**

(    )   I personally delivered copies of the summons on the _____ day of _____, 20_____ , to: _____

_____

(    )   After exercising reasonable diligence I was unable to deliver copies of the summons to _____ within _____ County, _____. I served the summons on the _____ day of _____, 20_____, at the usual place of abode of said _____ _____ by leaving a true copy of the summons with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served, above the age of sixteen years and, unwilling to receive the summons, and thereafter on the _____ day of _____, 20_____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

(    )   I was unable to serve the summons.

This the ____ day of _____, 2019.

_____
**PROCESS SERVER**

**RETURN TO:**

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS  39216-4972

Exhibit A

**IN THE CIRCUIT COURT OF LAWRENCE COUNTY, MISSISSIPPI**

JIMMY LEE                                                          **PLAINTIFF**

V.                                              CAUSE NO. 19-227 CM

RUDOLPH FOODS COMPANY, INC.;
DOUG MCATEE, INDIVIDUALLY; AND
MICHELLE GARDNER, INDIVIDUALLY                          **DEFENDANTS**

## SUMMONS

TO:   Michelle Gardner, Individually
      Rudolph foods company, Inc.
      Human Resources Director
      6575 Bellefontaine Road
      Lima, OH  45804

## NOTICE TO DEFENDANT

**The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Watson & Norris, PLLC, 1880 Lakeland Drive, Suite G, Jackson, Mississippi 39216, the attorney for the Plaintiff.  Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and the seal of said Court, this the 5th day of Dec 2019.

Honorable James Brister
Circuit Clerk of Lawrence County, MS

By: _Tracy Carney_
     Deputy Clerk

Exhibit A

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, MISSISSIPPI

JIMMY LEE                                                                    **PLAINTIFF**

**V.**                                               CAUSE NO.: 19 -227 CM

RUDOLPH FOODS COMPANY, INC;
DOUG MCATEE, INDIVIDUALLY; AND
MICHELLE GARDNER, INDIVIDUALLY                          **DEFENDANTS**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Jimmy Lee, by and through counsel, Watson & Norris,

PLLC, and files this action against Defendant Rudolph Foods Company, Inc. to recover

damages for violations of the Age Discrimination In Employment Act (ADEA), the

Americans with Disabilities Act of 1990 (ADA) and the Family and Medical Leave Act of

1993 (FMLA), as amended.  Also, Plaintiff files this action to recover damages for the

actions of Defendants Doug McAtee, individually, and Michelle Gardner, individually,

which constitute the tort of tortious interference with employment.  In support of this cause,

the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1.      Plaintiff, Jimmy Lee, is an adult male citizen of Jefferson Davis County,

Mississippi.

2.      Defendant, Rudolph Foods Company, Inc., is an Ohio Corporation licensed

to do business in the State of Mississippi and may be served with process through its

registered agent: National Registered Agents Inc., 645 Lakeland East Drive, Suite 101,

Flowood, MS 39232.

1

Exhibit A

3.      Defendant, Doug McAtee, individually, is an adult resident of Texas and may be served with process via certified mail at his place of employment: Rudolph Foods Company, Inc., Director of Manufacturing Operations, 3660 Pipestone Road, Dallas, TX 75212.

4.      Defendant, Michelle Gardner, individually, is an adult resident of Ohio and may be served with process via certified mail at her place of employment: Rudolph Foods Company, Inc., Human Resources Director, 6575 Bellefontaine Road, Lima, OH 45804.

## JURISDICTION AND VENUE

5.      This Court has concurrent subject matter jurisdiction.

6.      This Court has personal jurisdiction over the Plaintiff and Defendants and venue is proper in this Court.

7.      Plaintiff timely filed a Charge of Discrimination with the EEOC, on August 6, 2019, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Dismissal and Notice of Right to Sue on September 10, 2019, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Right to Sue.

## STATEMENT OF FACTS

8.      Plaintiff is a 62-year old male citizen of Jefferson Davis County, Mississippi.

9.      Plaintiff was hired by the Defendant in November 2016 as the 2nd Shift Supervisor.

10.     When Plaintiff came on as the new 2nd Shift Supervisor for the Defendant, the company's productivity increased. Plaintiff was more than qualified for the position of

2

2nd Shift Supervisor.

11.     The 2nd Shift became the most productive of all three shifts.

12.     Plaintiff's brother, David Lee, is the Plant Manager of the company.

13.     In mid-2018, Doug McKinnie, Regional Manager, was brought on and he began making many changes in the company.

14.     On December 4, 2018, Plaintiff suffered a torn meniscus injury while on the job.

15.     Plaintiff went to the doctor on December 5, 2018.  Plaintiff's doctor and Chris Williams, Assistant Plant Manager, suggested that Plaintiff file a workers' compensation claim because the injury was job related, which he did.

16.     Subsequent to this injury, Plaintiff was out of work until December 19, 2018.

17.     When Plaintiff returned to work, Plaintiff's doctor, Dr. John Hunter Berry, had placed him on Light Duty and he was issued the following medical restrictions: "lift no more than 20 pounds; no carrying objects more than ten pounds, stay off your feet as much as possible, you may use equipment with levers, no squatting or kneeling."

18.     Plaintiff received 18 days of Physical Therapy treatment.

19.     Plaintiff's treatments ended during early March 2019.

20.     Around   March   25th,   several   of   Defendant's   Human   Resources representatives of the company came to visit the plant for a few days.

21.     While they were there, one of Defendant's HR officials, Brandon (LNU), asked Plaintiff about his knee injury.

22.     Plaintiff responded that the knee was still causing him pain and he

3

mentioned future medical appointments.

23.     Three days later, on March 28th, Plaintiff was called into a meeting with Mr. McAtee and Defendant's Human Resources Representative, Michelle Gardner, and was abruptly terminated.

24.     Upon terminating Plaintiff, Defendant offered Plaintiff a minimal severance package in an effort to have Plaintiff sign a release of "all claims" against Defendant; however, Plaintiff declined.  During the meeting, Mr. McAtee claimed that the reason Defendant was terminating Plaintiff was because of "low production;" however, Plaintiff insist that this reason articulated by Defendant is false because the 2nd Shift had led the way with production under Plaintiff's supervision since his hiring.

25.     Plaintiff had no history of ever being written up or any other disciplinary action taken against him.  Moreover, after terminating Plaintiff, Defendant replaced Plaintiff's position as 2nd Shift Supervisor with a substantially younger man, Emanuel Rhodes (24 years old).

26.     Defendant's actions constitute a willful violation of the Age Discrimination in Employment Act, the Americans With Disabilities Act, and the Family Medical Leave Act.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

27.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 26 above as if fully incorporated herein.

28.     Plaintiff has been harmed as a result of this discrimination, and the

4

Defendant is liable to Plaintiff for the same.

29.     The acts of the Defendant constitute a willful intentional violation of the ADEA and entitle Plaintiff to recovery of back wages, reinstatement or front pay in lieu of reinstatement, and liquidated damages.

## COUNT II: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

30.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 31 above as if fully incorporated herein.

31.     The Defendant violated the ADA by terminating Plaintiff because his disability and/or perceived disability.  Specifically, after Plaintiff had to take FMLA leave and Plaintiff mentioned future necessary medical appointments to HR, the Defendant abruptly terminated Plaintiff's employment.

32.     The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff. As such, Plaintiff is entitled to recover compensatory and punitive damages.

## COUNT III: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND FAMILY MEDICAL LEAVE ACT - RETALIATION

33.     Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 32 above as though specifically set forth herein.

34.     Defendant unlawfully retaliated against Plaintiff for taking FMLA leave due to his disability and/or perceived disability.

35.     Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

36.     The unlawful actions of the Defendant complained of above were

5

intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

37.     The actions of the Defendant are in violation of the Americans with Disabilities Act of 1990 and the Family Medical Leave Act of 1993.

## COUNT IV: TORTIOUS INTERFERENCE WITH EMPLOYMENT - DEFENDANT DOUG MCATEE, INDIVIDUALLY AND MICHELLE GARDNER, INDIVIDUALLY

38.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs through 37 above as if fully incorporated herein.

39.     Plaintiff had an employment relationship with Defendant Rudolph Foods Company, Inc., and Defendant McAtee and Defendant Gardner were aware of Plaintiff's employment relationship with Defendant Rudolph Foods Company, Inc.

40.     Defendant McAtee and Defendant Gardner's actions were malicious when they tortiously interfered in Plaintiff's employment relationship with Rudolph Foods Company, Inc.

41.     As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate him for Defendant McAtee and Defendant Gardner's actions in tortiously interfering with his employment relationship with Rudolph Foods Company, Inc.

42.     In addition, Defendant McAtee and Defendant Gardner's actions were done maliciously with the intent to cause Plaintiff professional and personal injury.

43.     As such, Plaintiff is entitled to an award of punitive damages against Defendant McAtee and Defendant Gardner, individually, in an amount to be determined by the jury.

6

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon

hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount

to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Tax gross-up with all make-whole relief;
4. Compensatory damages;
5. Liquidated damages;
6. Punitive damages;
7. Lost Benefits;
8. Pre-judgment and post-judgment interest;
9. Attorney fees and costs; and
10. Such other relief as the Court deems just and appropriate.

THIS the 3rd day of December 2019.

Respectfully submitted,

JIMMY LEE, Plaintiff

By: _Louis H. Watson_

Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Email: nick@watsonnorris.com
Web:  www.watsonnorris.com

7

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

<table>
<tr><td colspan="2" align="center"><em>State or local Agency, if any</em></td><td>and EEOC</td></tr>
</table>

| Name *(indicate Mr., Ms., Mrs.)*<br>Mr. Jimmy Lee | Home Phone *(Incl.*<br>601-792-2352 | Date of Birth<br>2-18-57 |
|---|---|---|

| Street Address<br>27 Lee Trail | City, State and ZIP Code<br>Prentiss, MS 39474 | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>Rudolph Foods Company, Inc. | No. Employees, Members<br>200-501 | Phone No. *(Include Area Code)* |
|---|---|---|
| 607 MS Hwy 42 | New Hebron, MS 39140 | |

| | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest   3-28-2019    Latest   3-28-19

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a 62-year old male from Jefferson Davis County. I was hired by Rudolph Foods Company in November 2016 as the 2nd Shift Supervisor. When I came on as the new 2nd Shift Supervisor for Rudolph Foods, the company's productivity increased. The 2nd Shift became the most productive of all three shifts. My brother, David Lee, is the Plant Manager of the company.

In mid-2018, Doug McKinnie, Regional Manager was brought on and he began making many changes in the company.

On December 4, 2018, I suffered a torn meniscus injury while on the job. I went to the doctor on December 5, 2018, and my doctor suggested that I file Workman's Compensation, which I did. Subsequent to this injury, I was out of work until December 19, 2018. When I returned to work, my doctor, Dr. John Hunter Berry, had placed me on Light Duty with the following medical restrictions: lift no more than 20 pounds; no

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| *Aug 6-2019*<br>Date          *Jimmy Lee*<br>Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME<br>*(month, day, year)* |

EXHIBIT
A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | |

| | and EEOC |
|---|---|
| *State or local Agency, if any* | |

carrying objects more than ten pounds, stay off your feet as much as possible, you may use equipment with levers, no squatting or kneeling.

    I received 18 days of Physical Therapy treatment. These treatments ended during early March 2019. Around March 25th, Human Resources personnel of the company came to visit the plant for a few days. While they were there, one of the HR officials, Brandon (LNU) asked me about my knee injury. I responded that the knee was still causing me pain and I mentioned future medical appointments.

    Three days later, on March 28th, I was called into a meeting with McKinney and a Human Resources Representative, Michelle Gardner, and I was terminated. I was offered a severance package, but I refused to sign it. McKinney claimed the reason for the termination was "low production" but I contend that the 2nd Shift had led the way with production since I was hired.

    I had no history of ever being written up or any other disciplinary action taken against me. It is also noteworthy that my position as 2nd Shift Supervisor has been replaced by a substantially younger man, Emanuel Rhodes (24 years old).

I have been discriminated against due to my age, 62, in violation of the ADEA, and due to disability, in violation of the ADA.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| *August 6-2019*     *Jimmy R. Lee* <br> Date         Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE M *(month, day, year)* |

06/15/2013  19:28    601-792-2894           JEFF DAVIS CHANCERY              PAGE  02/06

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Jimmy Lee
    27 Lee Trail
    Prentiss, MS 39474

From: Jackson Area Office
    100 West Capitol Street
    Suite 338
    Jackson, MS 39269

☐   On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 423-2019-01826 | Michael G. Hollis, Intake Supervisor | (601) 948-8412 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Eszean S. McDuffey,
Director

09/10/2019
(Date Mailed)

Enclosures(s)

cc:   Michelle Gardner
    Human Resources Director
    RUDOLPH FOODS COMPANY, INC.
    6575 Bellefontaine Rd.
    Lima, OH 45804

**EXHIBIT
B**

-1-

## IN THE CIRCUIT COURT OF LAWRENCE COUNTY, MISSISSIPPI

**JIMMY LEE**                                                                      **PLAINTIFF**

**v.**                                                          **CAUSE NO.: 39CI1:19-cv-227-CM**

**RUDOLPH FOODS COMPANY, INC;**
**DOUG MCKINNIE, INDIVIDUALLY; AND**
**MICHELLE GARDNER, INDIVIDUALLY**                          **DEFENDANTS**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO DEFENDANT <u>MICHELLE GARDNER, INDIVIDUALLY</u>

COMES NOW Plaintiff, Jimmy Lee, by and through his attorney, and propounds these Interrogatories, Requests for Production of Documents and Requests for Admission to Defendant, Michelle Gardner, individually, to be answered in accordance with the Mississippi Rules of Civil Procedure. Defendant shall please produce the responses requested at the offices of Watson & Norris, PLLC, 1880 Lakeland Drive, Suite G, Jackson, Mississippi 39216 within 30 days of service.

<u>General Instructions</u>

1.      If any of these interrogatories cannot be answered in full, then Defendant should answer to the extent possible and specify the reasons for his inability to answer the remainder, and should state whatever information or knowledge he has concerning the unanswered portion. For example, in answer to the interrogatories concerning witnesses and documentary evidence, please identify as many witnesses and proposed exhibits as possible, rather than stating "unknown at this time."

-2-

2.    In answering these interrogatories, please furnish such information as is known or is available to Defendant, regardless of whether this information is obtained directly by, or known to, or obtained by, any of his attorneys or other agents or representatives.

<u>Definition of Terms</u>

3.    Throughout these interrogatories, including the definition of terms, the words used in the masculine gender include the feminine; and words used in the singular include the plural. Where the word "or" appears herein, the meaning intended is the logical inclusive "or" i.e., "and/or." Where the word "include" or "including" appears, the meaning intended is "including but not limited to."

4.    As used throughout these interrogatories, the following terms have the following meanings indicated:

(a)    "Date" means the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

(b)    "Person" means any individual, corporation, proprietorship, partnership, association or any other entity.

(c)    "Document," as defined by Rule 34 of the Mississippi Rules of Civil Procedure, includes all writings, drawings, graphs, charts, photographs, phone records, tape recordings, and other data compilations from which information can be obtained or translated.

(d)    "Identify" <u>when</u> <u>referring</u> <u>to</u> <u>a</u> <u>person</u>, as defined above, means to state the following:

-3-

(1)      The name of that person;

(2)      The address of that person;

(3)      If the present residence or business address is unknown, state the last known address and any other information you have that might reasonably lead to that person being located;

(4)      The telephone number for that person (home and business where applicable) or that person's last known telephone number;

(5)      If that person is an individual, state his employer, his position with and duties for that employer and the address of that employer.

(e)      "Identify" when referring to a document, as defined above, means to please produce the following information:

(1)      The date of the document;

(2)      The title of the document;

(3)      The identity of the person by whom the document was prepared;

(4)      The identity of the person for whom the document was prepared;

(5)      The subject matter covered by the document;

(6)      The present location of the document;

-4-

    (7)    The custodian of the document, including his name, address, and business telephone number.

(f)    "Identify" when referring to an oral communication (report) means to Please produce:

    (1)    The date of the report;

    (2)    Identify the person by whom the report was made;

    (3)    Identify the person to whom the report was made;

    (4)    Identify persons who witnessed or heard the report, or in whose presence the report was made;

    (5)    State where the report was made;

    (6)    State the contents of the report.

(g)    "Description" or "to describe" means to please produce a narrative detailed chronological history of the incident or event(s) inquired about, including pertinent dates, identifying persons involved, and identifying documents utilized or generated.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify by name, address, telephone number and present employer each and every person Defendant believes has knowledge of any facts relevant to Plaintiff's claims in this action.  For each such individual identified, describe what knowledge you believe said individual has.

### INTERROGATORY NO. 2:

Identify all documents which in any way support, pertain to, or relate to the

-5-

subject matter of this lawsuit or the claims asserted in your Answer to Plaintiff' Complaint.

## INTERROGATORY NO. 3:

Please identify all insurance policies held by Defendant to include homeowners, life insurance, umbrella and general liability.  Please identify the name of the carrier, deductible, exclusions, limits of liability, and beneficiaries.

## INTERROGATORY NO. 4:

Please identify all cell phone accounts, including numbers, and all email accounts maintained by Defendant.

## INTERROGATORY NO. 5:

Are you aware of the existence of any written or recorded statement(s) made by or for any party or witness pertaining to the facts of this case?  If so, state:

    (a)    The name of each person making the statement;

    (b)    The date of the statement;

    (c)    The name, employer, occupation, last known address, and telephone number of the person taking the statement;

    (d)    The name and last known address and telephone number of the person now in possession of the original statement or a copy of same.

## INTERROGATORY NO. 6:

Did your attorney or anyone acting on your behalf conduct an investigation concerning the subject incidents regarding Plaintiff? If so, please state the name, address, and telephone number of the person now having custody of each written report made concerning each investigation.

## INTERROGATORY NO. 7:

-6-

Please identify all persons with whom you have discussed or met with regarding Jimmy Lee from May 28, 2019 to the present. Include in your answer the time(s) place(s) of such discussions and precise synopsis thereof.

**INTERROGATORY NO. 8:**

Please identify all personal writings and papers, such as diaries, journals, calendars, emails, text messages, and letters that relate to the subject matter of the Complaint. Include in your answer the precise location(s) of such writings and papers.

**INTERROGATORY NO. 9:**

Please identify by time, date, and contents any verbal and/or written complaint, reprimand and/or any report made by you regarding Plaintiff.

**INTERROGATORY NO. 10:**

Please list all the medical and mental health practitioners, including practitioners of alternative forms of health care such as faith healers and card readers, you have consulted with during the past five years. Please include in your answer current addresses and phone numbers of such professionals.

**INTERROGATORY NO. 11:**

Please identify all individuals whose employment you have terminated in 2019 and specify your justification for taking such action. Please include in your answer current addresses and phone numbers of such individuals.

**INTERROGATORY NO. 12:**

Please provide a detailed listing of your job description with Rudolph Foods Company, Inc.

**INTERROGATORY NO. 13:**

-7-

Please identify any legal advice Defendant received regarding Plaintiff prior to Plaintiff's termination. Please include the date, whether it was oral or in writing, the identity of the individuals that were part of the conversation and where the conversation took place.

## INTERROGATORY NO. 14:

Please identify any current or former employees, managers and/or owners you communicated with regarding Plaintiff prior to you making the decision to terminate Plaintiff Please include the date, whether it was oral or in writing, the identity of the individuals that were part of the conversation, where the conversation took place and the substance of the conversation.

## INTERROGATORY NO. 15:

Please identify all conversations between yourself and other employees, managers and/or owners of Defendant, Rudolph Foods Company, Inc., regarding Plaintiff from March 28, 2019 to the present.

## INTERROGATORY NO. 16:

Please define your relationship with your lawyer to include (a) how long you have been acquainted with him or her; (b) how you retained his or her services; (c) who referred you to him or her; and (d) who is paying the fees for the legal services you are receiving.

## INTERROGATORY NO. 17:

Identify any conversations, text messages, email exchanges or any other communications of any kind with any Rudolph Foods Company, Inc.'s current or former employees, managers, and/or owners concerning Plaintiff from March 28, 2019 to present.

-8-

**INTERROGATORY NO. 18:**

Identify how long have you been employed with Rudolph Foods Company, Inc. and the specific terms of your employment.

**INTERROGATORY NO. 19:**

Please identify all parcels of real estate in which you have an ownership interest, specifying what equity you have in each.

**INTERROGATORY NO. 20:**

Were you brought in for any type of questioning or "fact-finding/information gathering" and/or meeting by Rudolph Foods Company, Inc.'s employees or attorneys regarding Plaintiff? If so, please identify the persons present and all information discussed including the dates, times and places of the meetings and the information discussed and/or presented.

**INTERROGATORY NO. 21:**

Please provide a detailed record of your employment history; include (a) name and address of employer; (b) dates employed and positions held; (c) the reason why you left employment of each employer; and (d) income from each employer.

**INTERROGATORY NO. 22:**

Please identify all athletic clubs, social clubs, religious organizations and/or any other organization which you are a member.

**INTERROGATORY NO. 23:**

Please identify your partnership, affiliation and/or employment history in Mississippi. Please include names and dates of any administrators you have worked for in the past ten (10) years.

-9-

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

Please produce all documents identified in response to the foregoing interrogatories.

### REQUEST NO. 2:

Please provide a copy of any personal or general liability insurance policies currently in force for you.

### REQUEST NO. 3:

Please provide a copy of any homeowners' insurance policies on any property you maintain or for which you have an ownership stake.

### REQUEST NO. 4:

Please produce a copy of all insurance policies and/or agreements providing coverage and/or a defense for the claims asserted by Plaintiff.

### REQUEST NO. 5:

Please provide copies of your personal tax returns for the past five (5) years.

### REQUEST NO. 6:

Please produce all documentation concerning your partnership, affiliation and/or employment with any corporation, and/or business entity during your career in Mississippi.

### REQUEST NO. 7:

-10-

Please produce any email, letter, text, or other type of communication or correspondence between yourself and any employee, administrator and/or parent from March 28, 2019 to the present regarding Plaintiff.

**REQUEST NO. 8:**

Please produce copies of all communications including but not limited to texts/voicemail messages sent to/from Plaintiff.

**REQUEST NO. 9:**

Please produce copies of any defense agreement, indemnification agreement, contract for legal representation and/or retention agreement between you and any attorney and/or law firm or other entity other than your attorney of record in this case.

**REQUEST NO. 10:**

Please produce all medical records in your possession regarding the treatment of you in the last ten (10) years.

**REQUEST NO. 11:**

Please produce all cell phone records for the past 9 months which should include all texts, emails, and voicemails sent and received to include all phone numbers incoming and outgoing and specifically reference to whom each number belongs.

**REQUEST NO. 12:**

Please produce copies of all bank account statements, investment and/or brokerage account statements and retirement account records for the last five (5) years.

**REQUEST NO. 13:**

Please produce records of any stocks, securities, liquid assets, retirement accounts, 401K, mutual funds and other financial information which show your net

-11-

worth.

**REQUEST NO. 14:**

Please produce records of any automobiles owned by you.

**REQUEST NO. 15:**

Please produce all records of any mortgages and home equity loans to which you

are a party.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Please admit that Defendant hired Plaintiff in November of 2016 as the 2nd Shift

Supervisor.

**REQUEST FOR ADMISSION NO. 2:**

Please admit that Plaintiff timely filed his charge of age discrimination with the

EEOC.

**REQUEST FOR ADMISSION NO. 3:**

Please admit that the 2nd shift became the most productive shift after Plaintiff

became the 2nd shift supervisor.

**REQUEST FOR ADMISSION NO. 4:**

Please admit that Emanuel Rhodes, a substantially younger male, replaced

Plaintiff after he was terminated.

**REQUEST FOR ADMISSION NO. 5:**

Please admit that you tortiously interfered with Plaintiff's employment relationship

with Defendant's Rudolph Foods Company, Inc.

THIS, the 30th day of December 2019.

-12-

Respectfully submitted,

/s/ Nick Norris
NICK NORRIS (MSB# 101574)
Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Phone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, NICK NORRIS, attorney for the Plaintiff do hereby certify that I have this day

served via MEC filing or by United Stated mail, postage prepaid, a true and correct copy

of the above and foregoing document to all counsel of record.

SO CERTIFIED, this, the 30th day of December 2019.

/s/Nick Norris
NICK NORRIS

Exhibit A